UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

OHOHSHECHA DEFOE,

        Petitioner,

v.

LORI SWANSON, Att. Gen., and
STATE OF MINNESOTA,

        Respondents.

Civil No. 09-2016 (ADM/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On August 9, 2006, Petitioner was convicted in the state district court for Hennepin County, Minnesota, on a charge of "simple robbery." He was sentenced to 30 months in prison, and his conviction and sentence were affirmed on direct appeal. State v. Defoe, No. A06-2103 (Minn.App. 2008), 2008 WL 1747508 (unpublished opinion), rev. denied, May 28, 2008.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

On August 3, 2009, Petitioner filed his current federal habeas corpus petition, which challenges the legality and constitutionality of his 2006 simple robbery conviction. Although Petitioner was confined in a county jail when he filed his petition, he was no longer serving his 30-month sentence for his 2006 simple robbery conviction. According to Petitioner, that 30-month sentence "expired" on November 14, 2008. (Petitioner's Memorandum In Support Of Petition, [Docket No. 8], p. 1.[2]) Because Petitioner was not "in custody" for the conviction and sentence at issue when he filed his current petition, this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

28 U.S.C. § 2254(a) requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). The "in custody" requirement is a jurisdictional requirement. Id. at 490. If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction. Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995). See also United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3rd Cir. 1971) ("the sine qua non of federal habeas

---

[2] The Court previously reviewed Petitioner's habeas corpus petition, and noted that Petitioner apparently had completed his sentence for the conviction he was challenging. Petitioner was therefore ordered to explain why he should still be allowed to challenge that conviction and sentence in a federal habeas corpus proceeding. (See Order dated August 7, 2009; [Docket No. 7].) Petitioner's Memorandum in Support of Petition, (Docket No. 8), was filed in response to that prior order.

corpus jurisdiction is that petitioner be 'in custody'"), cert. denied, 409 U.S. 853 (1972).

If the statutory "in custody" requirement is satisfied, and jurisdiction therefore exists when a habeas case is filed, the court's jurisdiction is not extinguished by the petitioner's later release from custody. Carafas v. LaVallee, 391 U.S. 234 (1968). However, a habeas case can be rendered moot if the petitioner is released from custody while his petition is still pending, and the petitioner's release effectively provides all of the relief he is seeking. Thus, if a habeas petitioner is challenging only the length of his sentence, and not the validity of his conviction, his final and unconditional release from custody normally will render his petition moot, because his release has provided all the relief he was seeking. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).

But if a habeas petitioner is challenging the validity of his conviction, (and not just the length of his sentence), then his release from prison will not cause his petition to be moot, because there are "collateral consequences" of the conviction that will continue to affect the petitioner even after his release from custody. In Carafas, supra, the Supreme Court held that the collateral consequences of a conviction can keep a habeas case from becoming moot after the petitioner is released. The Court explained:

> "It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses;... he cannot serve as an official of a labor union for a specified period of time;... he cannot vote in any election held in New York State;... he cannot serve as a juror.... Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' On account of these 'collateral consequences,... the case is not moot."

391 U.S. at 237-38 (footnotes and citations omitted). See also Maleng, 488 U.S. at 491-92 (a habeas petitioner's unconditional discharge from custody while the case is pending does

not preclude a court from considering the constitutionality of his conviction, because "the 'collateral consequences' of the petitioner's conviction – his inability to vote, engage in certain businesses, hold public office, or serve as a juror – prevent[ ] the case from being moot").

It is important to recognize that the collateral consequences of a conviction can prevent a habeas case from becoming <u>moot</u> if the habeas petitioner is released from custody while his petition is still pending, <u>but collateral consequences alone will not satisfy the jurisdictional "in custody" requirement</u>.  <u>Maleng</u>, 490 U.S. at 492 ("the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").  This point is critical, and warrants repeating: The collateral consequences of a conviction, (i.e., consequences that survive a habeas petitioner's release from custody), can prevent a habeas case from becoming moot if a petitioner is released from custody while his petition is pending.  <u>Carafas</u>, <u>supra</u>.  However, to satisfy the jurisdictional "in custody" requirement, the petitioner must be "in custody" for the conviction he is challenging when he files his petition.  <u>Maleng</u>, <u>supra</u>.  If the petitioner is not "in custody" when he files his petition, any still-remaining collateral consequences of his conviction alone will <u>not</u> satisfy the jurisdictional "in custody" requirement.

It is also well-settled that a habeas petitioner need not be literally locked behind bars in order to satisfy the jurisdictional "in custody" requirement.  A person who has been released from prison, but remains subject to the restrictions of parole, is considered to be "in custody" for habeas purposes. <u>Jones v. Cunningham</u>, 371 U.S. 236 (1963).  Similarly, a person who is released from custody while awaiting trial, either on bail or on "his own

recognizance," is considered to be "in custody," because of the significant restrictions on his freedoms. Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (concluding that "a person released on bail or on his own recognizance may be 'in custody' within the meaning of the statute").

In this case, Petitioner has candidly acknowledged that his 30-month sentence for the conviction he is now challenging had "expired" long before he filed his current petition. The sentence expired in November 2008, and the current petition was not filed until August 2009. Therefore, it clearly appears, on the face of Petitioner's submissions, that he did not satisfy the jurisdictional "in custody" requirement when he commenced this action.

Petitioner contends, however, that even though his 30-month sentence for his 2006 simple robbery conviction was fully served and expired before this action was commenced, he still meets the § 2254(a) "in custody" requirement, because his conviction forced him to re-register as a "predatory offender" under Minnesota law. See Minn.Stat. § 243.166.[3] According to Petitioner, "since I 'shall continue' 'to register' as a 'Predatory Offender' I am still 'in custody' under this offense," (i.e., the 2006 robbery conviction). (Petitioner's Memorandum In Support Of Petition, p. 2. ) Although this argument is not wholly illogical, it has been rejected by the courts. Federal court have consistently held that offender registration laws are "collateral consequences" of a conviction, which can prevent a habeas

---

[3] Petitioner is considered to be a "predatory offender" under Minnesota law, because of a 1992 federal kidnaping conviction. (See Petitioner's Memorandum In Support Of Petition, p. 1, citing Minn.Stat. § 243.166, subd. 1b(a)(1)(ii) and (4).) Evidently, Petitioner's 2006 robbery conviction occurred less than ten years after he completed his sentence for the 1992 kidnaping conviction, and thus the 2006 robbery conviction extended Petitioner's registration period for another ten years. (See Petitioner's Memorandum In Support Of Petition, p. 2, citing Minn.Stat. § 243.166, subd. 6(c).)

petition from being moot, but registration requirements alone do not satisfy the jurisdictional "in custody" requirement prescribed by § 2254(a).

The Ninth Circuit Court of Appeals apparently was the first court to consider whether being a registered offender, like being a parolee, could satisfy the "in custody" requirement. In Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999), the Court considered a habeas petition that was filed by a former Washington state prisoner who was required to comply with a Washington offender registration law. When the case came before the Ninth Circuit, the Court found it necessary to address the threshold jurisdictional issue of whether the petitioner could satisfy the statutory "in custody" requirement by reason of his ongoing obligations under the Washington registration statute. The Court noted the Supreme Court's decisions in Jones and Hensley, and readily acknowledged that a habeas petitioner need not actually be incarcerated in order to satisfy the § 2254(a) "in custody" requirement. However, the Court also pointed out that --

> "even as the Supreme Court has expanded the reach of the 'in custody' requirement, it has consistently recognized a clear limitation: '[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.'"

Id. at 1183, quoting Maleng, 490 U.S. at 492.

After examining Jones, Hensley, Maleng, and several other relevant cases, the Ninth Circuit determined that –

> "The question before us, then, is how to characterize the Washington sex offender law. If it is a genuine restraint on liberty, then [the petitioner] is 'in custody' and we may consider the merits of his habeas petition. But if application of the sex offender law is merely a collateral consequence of [the petitioner's] conviction, the federal courts are without habeas jurisdiction in

6

this case."

Id.

The Court then proceeded to analyze and decide whether the requirements of the Washington offender registration law imposed sufficient restraints on the petitioner so that he was "in custody" for habeas corpus purposes, or whether those requirements were merely "collateral consequences" of the petitioner's prior conviction, which did not satisfy the "in custody" requirement. The Court ultimately concluded in Williamson that the "sex offender registration law create[d] a mere collateral consequence of conviction," and the law did not cause the petitioner to be "in custody" for federal habeas corpus purposes. Id. The case was therefore summarily dismissed for lack of jurisdiction.

Williamson is not an aberration. As far as the Court can tell, every federal court that has considered the issue has concluded that the burdens and requirements of offender registration laws are merely collateral consequences of a conviction, and they do not cause a registered offender to be "in custody" for purposes of § 2254(a). See e.g., Virsnieks v. Smith, 521 F.3d 707, 718-20 (7th Cir.), cert. denied, 129 S.Ct. 161 (2008); Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir.), cert. denied, 528 U.S. 963 (1999); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999); Lannet v. Frank, No. 04-C-522-C (W.D.Wis. 2004), 2004 WL 1774658; Caires v. Iramina, No. No. 08-110 (D.Hawaii 2008), 2008 WL 2421640; Davis v. Nassau County, 524 F.Supp.2d 182, 187-89 (E.D.N.Y. 2007); Ali v. Carlton, No. 2:04-CV-398 (E.D.Tenn. 2005), 2005 WL 1118066; Leslie v. Randle, 296 F.3d 518 (6th Cir. 2002); Shepherd v. New Jersey, No. 06-5283 (JLL), (D.N.J. 2006), 2006 WL 3359718; Johnson v. Ashe, 421 F.Supp.2d 339, 342-43 (D.Mass. 2006). This Court has not been able to locate a single case in which a court found that a habeas petitioner satisfied the §

7

2254 "in custody" requirement, simply because he was subject to the requirements of a state offender registration law.

Petitioner has not identified anything unique in Minnesota's predatory offender registration law that would distinguish it from similar laws in other states. To satisfy the "in custody" requirement, Petitioner would have to show that the predatory offender registration law imposes the type of physical restraints on his movements that effectively cause him to be "in custody." The Minnesota law apparently places special burdens on Petitioner that are not imposed on the general population, and, as a result, Petitioner must feel some unwelcome restraints on his freedoms that are not felt by other citizens. Petitioner's renewed registration obligations under Minnesota's predatory offender law undoubtedly constitute "collateral consequences" of the conviction and sentence that he is attempting to challenge here, but those collateral consequences alone do not satisfy the "in custody" requirement.[4]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Petitioner was not "in custody" for the conviction at issue in this case when he filed his present petition. Although that conviction apparently has extended Petitioner's registration obligations under Minnesota's predatory offender statute, those obligations are, at most, collateral consequences of the conviction, and they do not satisfy the statutory "in custody" requirement. Because the § 2254(a) "in custody" requirement is not satisfied, the present petition must be dismissed for lack of jurisdiction.

---

[4] The same conclusion was reached in Stevens v. Fabian, Civil No. 08-1011(ADM/AJB) (D.Minn. 2009), 2009 WL 161216.

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will recommend that Petitioner's application for leave to proceed in forma pauperis, (IFP), (Docket Nos. 2 and 4), and motion for appointment of counsel, (Docket No. 5), be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

Finally, Petitioner has filed an anomalous motion asking the Court "to enter in Petition for Writ of Habeas Corpus /w appendix and exhibit(s) a in the above entitled matter." (Docket No. 3.) It appears that Petitioner is simply asking to have all of his various submissions in this case filed and considered by the Court. As that has already occurred, Petitioner's motion should be denied as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket Nos. 2 and 4), be DENIED;

2. Petitioner's motion for appointment of counsel, (Docket No. 5), be DENIED;

3. Petitioner's motion "to enter in Petition for Writ of Habeas Corpus /w appendix and exhibit(s) a in the above entitled matter," (Docket No. 3), be DENIED AS MOOT; and

9

4. This action be summarily dismissed for lack of jurisdiction.

Dated: September 24, 2009

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 8, 2009.