# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ohohshecha Defoe,

        Petitioner,

v.

Lori Swanson, Att. Gen., and
State of Minnesota,

        Respondents.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-2016 ADM/AJB

_____

Ohohshecha Defoe, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Ohohshecha Defoe's ("Defoe") Objections [Docket No. 11] to Magistrate Judge Arthur J. Boylan's September 24, 2009 Report and Recommendation ("R&R") [Docket No. 9]. Judge Boylan concluded that Defoe was not "in custody" for the conviction and sentence at issue when he filed his current petition and therefore recommended that the his Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed for lack of jurisdiction. R&R at 2. The procedural and factual background described in the R&R are incorporated by reference. For the reasons stated below, Defoe's Objections are overruled and the R&R is adopted.

## II. DISCUSSION

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

To be eligible for habeas relief under 28 U.S.C. § 2254, a petitioner must be "'in custody' as a result of the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). To be deemed "in custody," requires a habeas petitioner to establish that he is subject to conditions and restrictions that "significantly restrain . . . [his] liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963 ); see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

Defoe does not dispute that he fully served his sentence for the simple robbery conviction before commencing this action. However, he argues that because he is required to register as a predatory offender under Minnesota law, a "'genuine' restraint[] on [his] liberty" is imposed including restrictions on his use of computers, internet access, and his ability to live within a certain distance from educational institutions. Id. at 2-3. Numerous federal courts have considered the same argument advanced by Defoe and have uniformly rejected it. Virsnieks v. Smith, 521 F.3d 707, 720 (7th Cir. 2008) (reasoning that Wisconsin's sexual offender registration requirement is a collateral consequence rather than a significant restraint on the petitioner's liberty sufficient to satisfy the "in custody" prerequisite for federal habeas corpus review); Leslie v. Randle, 296 F.3d 518, 521-23 (6th Cir. 2002) (same conclusion under Ohio's statute); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California's statute); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon's statute); Williamson v. Gregoire, 151 F.3d 1180, 1184-85 (9th Cir. 1998) (Washington's statute); Stevens v. Fabian, No. 08-1011, 2009 WL 161216 at *2 (D. Minn. Jan. 22, 2009) (adopting the Magistrate Judge's ruling that

Minnesota's registration requirement is a collateral consequence and does not render an individual "in custody" for habeas corpus purposes).

Neither this Court nor Judge Boylan is aware of any authority for a finding that a habeas petitioner may satisfy the "in custody" prerequisite as a result of being subject to the requirements of a state offender registration law.  Defoe has not identified any significant differences between Minnesota's predatory offender law and similar laws in other states that would justify this Court diverging from the results reached by other federal courts.  As a result, the requirement that Defoe register as a predatory offender does not constitute the type of severe restraint on petitioner's liberty necessary to satisfy the "in custody" requirement for the purposes of federal habeas corpus relief.  Instead, the registration requirement is merely a collateral consequence of conviction that is "not [itself] sufficient to render an individual 'in custody' for the purposes of a habeas attack."  Maleng, 490 U.S. at 492.

For the reasons set forth above, this case must be summarily dismissed for lack of jurisdiction. Because the matter is dismissed, Defoe's application for leave to proceed in forma pauperis [Docket No. 2] and motion for application of counsel [Docket No. 5] are denied as moot.  Defoe has filed a motion unfamiliar to the Court entitled "Motion to Enter in Petition for Writ of Habeas Corpus/w [sic] Appendix and Exhibits" [Docket No. 3].  Because that motion appears merely to request the Court's consideration of Defoe's submissions, which has already occurred, that motion is also denied.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this Motion differently, or that any of the issues raised in Defendant's petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defoe's Objections [Docket No. 11] are **OVERRULED**;

2. Defoe's Application to Proceed In Forma Pauperis [Docket No. 2] is **DENIED** as moot;

3. Defoe's Motion to Appoint Counsel [Docket No. 5] is **DENIED** as moot;

4. Defoe's "Motion to Enter in Petition for Writ of Habeas Corpus/w [sic] Appendix and Exhibits" [Docket No. 3] is **DENIED**;

5. A certificate of appealability shall not issue; and

6. The R&R [Docket No. 9] is **ADOPTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_s/Ann D. Montgomery_
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 3, 2009.